## Melton, et al. v. Kemp.

(Decided June 19, 1925.)

### Appeal from Graves Circuit Court.

Attorney and Client—Client May Repudiate Attorney's Act in Accepting Something Different Than That Sued for and Dismissing Action—Answer Alleging Attorney's Agreement to Satisfy Judgment Held Not to State Defense in Action to Set Aside Fraudulent Conveyances:—Where attorney · takes something different from that sued for, and has action dismissed, client may repudiate attorney's act and have order of dismissal set aside, and held, answer in suit to set aside alleged fraudulent conveyances and to apply property conveyed to satisfaction of judgment, alleging an extraneous agreement by plaintiff's attorney to satisfy judgment against defendants in consideration of dismissal of another action lodged against him, stated no defense.

M. E. GILBERT and W. S. FOY for appellants.

JAMES T. WEBB for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellee succeeded in subjecting to the payment of a debt against Mrs. M. E. Melton, certain property which she had conveyed to her children, and the defendants have appealed.

On March 27, 1917, appellee recovered a judgment against Mrs. M. E. Melton for $175.00 and $85.40 costs. Kemp began this suit on September 17, 1923, against Mrs. Melton, after a return of no property found, and in this suit he alleged that Mrs. Melton had conveyed certain property to her children for the purpose of preventing the collection of this debt.

In separate paragraphs of their answer, the defendants alleged, first, that these conveyances were not fraudulent, and second, that:

"On July 19, 1917, after the rendition of the judgment in favor of the plaintiff, Arthur Kemp, against Mrs. M. E. Melton, Mr. F. B. Martin who was the attorney representing Kemp, had an interest in said judgment and a lien thereon; that an action was lodged by the defendant, Birdie Sullivan, against F. B. Martin in the Graves circuit court for damages for the sum of $10,000.00; that after the action was lodged, a compromise was effected with F. B. Martin upon the following terms and agreement: The judgment for $175.00 and all costs upon same held by Martin and his client, Mr. Arthur Kemp, were to be settled and said judgment satisfied against Mrs. M. E. Melton in full."

To this plea of payment the court properly sustained a demurrer.

"Where an attorney takes something different from that sued for, and has the action dismissed, the client may repudiate the attorney's act, and have the order of dismissal set aside." O'Reilly v. Call, 7 Ky. L. R. 516.

Mrs. Melton did not owe Martin money. She was indebted to Kemp; Kemp had nothing to do with this settlement, and never consented to it in any way. Within six months after Kemp recovered this judgment against Mrs. Melton, she conveyed to her children property worth more than $10,000.00 for which the evidence convinces us she has never been paid one cent. It is true that the grantee in one of these deeds assumes and undertakes to pay a mortgage held against the premises by the defendant Stunston, and undertook to pay $240.00 to Hester & Hester, but she paid neither. Mrs. Melton paid the $240.00 claim, and no one has paid Stunston. The trial court adjudged the conveyances in question fraudulent, and the evidence abundantly supported that finding.

The judgment is affirmed.